# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00300-CR

**Enrigue Guadalupe Vidal, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 51589, HONORABLE JOE CARROLL, JUDGE PRESIDING

## O P I N I O N

In April 2001, appellant Enrigue Guadalupe Vidal pleaded guilty to burglary of a habitation. *See* Tex. Pen. Code Ann. § 30.02 (West 2003). On May 30, 2001, the court sentenced Vidal to three years in prison and a $500 fine, but suspended imposition of sentence and placed him on community supervision for five years. Vidal now appeals from an order revoking community supervision and imposing sentence. We will reverse the order because the State failed to prove the alleged violation of the supervisory conditions.

Condition five of the conditions of supervision required Vidal to report monthly to his community supervision officer. It was a matter of record at the time of sentencing that Vidal is a citizen of Mexico, was living in the United States unlawfully, and was awaiting a deportation hearing. On July 5, 2001, the court amended the conditions of supervision to add condition thirty-six: "When defendant is released from custody of United States Immigration and Naturalization

Service and if defendant is in the United States, report to the Bell/Lampassas County Community Supervision and Corrections Department for further orders of the Court."

The motion to revoke was filed on January 29, 2004. It alleged that Vidal had violated condition five by failing to report to the community supervision office during the months of July through December 2001, and during the years 2002 and 2003. Attached to the motion was a case history stating that following his conviction, "defendant was held in Bell County Jail until released to the Department of Immigration and Naturalization Service (INS) on July 6, 2001, and deported to Mexico." Capias issued and Vidal was arrested in Bell County on February 28, 2004.

At the revocation hearing, the community supervision officer to whom Vidal was assigned, Kirk Lampham, testified that Vidal had been deported to Mexico and did not report during the years 2001, 2002, and 2003. Lampham said he did not know when Vidal returned to the United States or if Vidal was in the United States at the times alleged in the motion. Vidal did not testify. Finding that Vidal had violated condition five, the court revoked supervision.

We review an order revoking community supervision for an abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). A trial court abuses its discretion if it revokes community supervision despite the State's failure to prove a violation of the conditions of supervision. *Id.*

Vidal argues that the State did not prove that he was in the United States between July 2001 and December 2003, and thus did not prove that he violated his obligation to report as alleged in the motion to revoke. The State responds that it was neither alleged nor found that Vidal violated condition thirty-six requiring him to report upon his release from the custody of immigration officials

2

and his return to the United States. The State urges that the testimony at the revocation hearing shows without contradiction that Vidal violated condition five by failing to report monthly from July 2001 through December 2003.

It was impossible for Vidal to report to a Bell County community supervision officer if he was in the custody of immigration authorities or if he was deported to Mexico. Recognizing this reality, the district court amended the conditions of supervision on July 5, 2001, one day before Vidal was taken into federal custody for deportation, to require Vidal to report to the Bell County community supervision office when and if he was released from INS custody and returned to the United States. Although the court did not expressly modify the monthly reporting requirement, that was the clear effect of the amendment. Condition thirty-six had no purpose if it did not relieve Vidal of his obligation to report monthly in Bell County while he was in federal custody or in Mexico. Read together, conditions five and thirty-six required Vidal to report to the Bell County community supervision office upon his return to the United States, and to thereafter report monthly.

We know that Vidal was in the United States on February 28, 2004, when he was arrested on the capias. There is no evidence, however, as to when Vidal returned to the United States. Most importantly, there is no evidence that Vidal was in the United States and outside INS custody during the time period alleged in the motion to revoke. Without such evidence, the State did not prove that Vidal's failure to report to the probation office during the months alleged was a violation of the conditions of his supervision. We accordingly hold that the district court abused its discretion by revoking Vidal's community supervision.

3

The order revoking community supervision is reversed and the cause is remanded to the district court for proceedings consistent with this opinion.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed:   June 16, 2005

Publish