# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00813-CR

**Luciano Reyes Jaimes, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. D-1-DC-05-302270, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The district court granted the State's motion to revoke Luciano Reyes Jaimes's community supervision, adjudicated him guilty of the offense of aggravated assault with a deadly weapon, and sentenced him to 18 years' imprisonment. In his sole point of error, Jaimes asserts that the district court abused its discretion in revoking his community supervision. We will affirm the district court's judgment.

## BACKGROUND

In October 2005, Jaimes shot his former wife's current husband after an altercation regarding the care of Jaimes's daughter. In February 2007, Jaimes pleaded guilty to aggravated assault with a deadly weapon, and the district court placed Jaimes on deferred adjudication community supervision for seven years. The conditions of Jaimes's community supervision included restitution in the amount of $22,720.53, with monthly payments of $300 until the total was paid,

payment of a $500 fine, payment of a supervision fee of $60 per month, and payment of a Crime Stoppers Fee of $30. Jaimes was also required to serve 90 days in the Travis County Jail and to report to his community supervision officer on the second Wednesday of each month at 9:00 a.m. and at any subsequent time as instructed by that officer.

On August 9, 2007, the State filed a motion to proceed with an adjudication of guilt. The State alleged that Jaimes violated the terms and conditions of his probation by (1) failing to report to his community supervision officer in the month of July 2007; (2) failing to pay $58.63 of the $500 fine; (3) failing to pay $58.64 in court costs; (4) failing to pay $403.64 owed for supervision fees; (5) failing to pay $1,759.09 of the restitution owed; and (6) failing to pay the $30 Crime Stoppers fee. The district court issued a warrant of arrest, which was executed in August 2010 when Jaimes was arrested in Austin. At the November 2010 hearing on the motion to adjudicate, Jaimes pleaded not true to the State's allegations. The district court then proceeded to hear evidence from the State. At the conclusion of the hearing, the district court granted the motion to adjudicate guilt and sentenced Jaimes to 18 years' imprisonment. This appeal followed.

**DISCUSSION**

We review a trial court's decision to revoke probation for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable minds might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). In probation revocation proceedings, the State has the burden of proving a violation of the terms of probation by a preponderance of the evidence.

*Rickels*, 202 S.W.3d at 763-64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Willis v. State*, 2 S.W.3d 397, 399 (Tex. App.—Austin 1999, no pet.). The State satisfies this standard when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged. *Rickels*, 202 S.W.3d at 764; *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 493-94; *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd).

The trial court is the judge of the credibility of the witnesses and the weight to be given their testimony. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.). We view the evidence presented in a revocation proceeding in the light most favorable to the trial court's ruling. *See Garrett*, 619 S.W.2d at 174; *Mauney*, 107 S.W.3d at 695. When more than one violation of the conditions of community supervision is found by the trial court, proof by a preponderance of the evidence of any one of the alleged violations is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd).

Here, one of the State's allegations was that Jaimes failed to report to community supervision for the month of July 2007. At the hearing, the State presented evidence to support the allegation. Kathy Holt, an employee of the Travis County Community Supervision and Corrections Department, testified that she signed the document setting forth the conditions of community supervision for Jaimes in February 2007. She testified that the conditions were reviewed with

Jaimes. The document includes an acknowledgment, signed by Jaimes, stating that he received a copy of the conditions of community supervision, that they were read to him by his attorney, and that he understood and agreed to obey them. One of the conditions required Jaimes to report to his community supervision officer on the second Wednesday of each month at 9:00 a.m. and at any subsequent time as instructed by that officer. Holt testified that while Jaimes did report for his initial office visit on March 1, 2007, he did not report after that, including in July 2007.

Holt further testified that Jaimes reported to jail to serve his 90 days on March 9, 2007, and at that time "there was an ICE or INS hold placed on him." Holt testified that she believed that Jaimes was deported "during that time." Holt also confirmed that although Jaimes was arrested in Austin in August 2010, and had therefore clearly returned to the United States, he had never contacted his community supervision officer. There was no evidence regarding when Jaimes was actually deported, nor was there any evidence regarding how or when Jaimes returned to the United States. Jaimes did not testify at the hearing. On this record we cannot say that the trial court abused its discretion in concluding that the State met its burden of proving that Jaimes failed to report to his community supervision officer in July 2007 and that Jaimes failed to disprove this allegation.

Jaimes argues that the evidence does not support the revocation order because "the evidence was clear that [Jaimes] had been in the custody of the Travis County Sheriff with an ICE detainer and that [Jaimes] would be taken into custody of ICE upon completion of his 90 day commitment and had in fact been taken into custody." Jaimes contends that this case is similar to *Vidal v. State*, 167 S.W.3d 897 (Tex. App.—Austin 2005, no pet.). In *Vidal*, we reversed a revocation order after having concluded that the State failed to prove that the defendant had violated

4

a condition of supervision directing him to report to his supervision officer when and if he was released from INS custody and returned to the United States. *Id.* at 898. We held that this provision modified the monthly reporting requirement, and consequently the State had to prove more than simply that the defendant failed to report, but also that he failed to report monthly "upon his return to the United States." *Id.* at 899. Because there was no evidence of when Vidal was released from INS custody or when he had returned to the United States, we held that the State did not meet its burden of proving by a preponderance of the evidence that Vidal failed to report to his supervision officer during a month in which he was required to—i.e., after his release from INS custody and after having returned to the United States. *Id.* The present case is distinguishable because the condition Jaimes is alleged to have violated was one requiring him to report monthly, not one requiring him to report monthly only *after* he was outside INS or ICE custody and had returned to the United States. Consequently, the State in the present case was not required to prove that Jaimes was either outside of INS or ICE custody and/or in the United States in July 2007 in order for his failure to report to be a violation of one of the conditions of his community supervision.

Jaimes also appears to argue that the evidence establishes that he could not report to his community supervision officer in July 2007 because he was either in ICE custody or, having been deported, was outside the country. There is no conclusive evidence, however, that Jaimes was outside the country in July 2007. The evidence presented was simply that Jaimes reported to jail on March 9, 2007 to serve his 90 days' imprisonment and that there was an ICE or INS hold placed on him at that time. Even assuming Jaimes was deported on June 7, 2007, after having served his 90 days of confinement, he could have returned to the United States at any time thereafter, including

5

in July 2007.  Jaimes, who was present at the revocation hearing, did not testify as to his whereabouts during July 2007, and the evidence does not establish that he was unable to report to his community supervision office at that time.  The requirement that Jaimes report to his community supervision officer on the second Wednesday of each month, including July 2007, was a clear, explicit, and unambiguous term of his community supervision, which he acknowledged was read to him by his attorney and which he agreed to obey.

On this record, viewing the evidence in the light most favorable to the district court's ruling, we conclude that the State satisfied its burden to prove by a preponderance of the evidence that Jaimes failed to report to his community supervision officer in July 2007 as ordered.  As this ground is sufficient to support the district court's order revoking Jaimes's community supervision, we need not address the State's allegations of other violations of the conditions of his community supervision.  We overrule Jaimes's sole point of error.

## CONCLUSION

We affirm the judgment of the district court.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:  February 10, 2012

Do Not Publish

6