COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| ROTAURUS D. SMITH, | § | No. 08-12-00297-CR |
|  | § |  |
| Appellant, | § | Appeal from the |
|  | § |  |
| v. | § | 213th District Court |
|  | § |  |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
|  | § |  |
| Appellee. | § | (TC# 1112179D) |
|  | § |  |

## **O P I N I O N**

Rotaurus Smith appeals the trial court's revocation of community supervision based on his breach of a probation agreement prohibiting him from violating the laws of this State, another state, or the United States. In his sole issue, Appellant argues that the testimony of a police officer who claimed to have seen him briefly bend over behind a bush where drugs were later found is insufficient to establish Appellant's knowing possession of a controlled substance, particularly when viewed in light of his own contradictory testimony and that of his girlfriend, who admitted at trial the drugs were hers and that she had thrown them behind the bush before calling the police in anger over a domestic dispute. As such, he contends, the trial court abused its discretion in revoking his community supervision and subsequently adjudicating him guilty of his prior offense. We affirm.

# BACKGROUND

On June 13, 2008, Appellant pleaded guilty to possession of MDMA, a controlled substance. The trial court deferred adjudication for four years, assessed a $400.00 fine, and placed Appellant on community supervision. As a condition of his probation, Appellant agreed, *inter alia*, to refrain from violating any state or federal laws, including those pertaining to drug possession.

On February 28, 2012, Appellant and his girlfriend Sheri Green were involved in a domestic dispute at her residence in Fort Worth, with Green accusing Appellant of having stolen $100.00 from her purse. Following her argument with Appellant, Green left her second-floor apartment, went down to the ground floor, and flagged down a patrol unit to make a complaint. Green, who was intoxicated at the time, told police that she believed Appellant had stolen her money and told them that he had warrants and was in possession of drugs. A subsequent investigation revealed that Green had dropped the money inside her own apartment.

While Green spoke with police, Appellant left Green's apartment. Officer A. Parker testified he then observed Appellant walk toward the stairwell furthest away from where police were located on the ground floor. Officer Parker noted this was "strange" given that there were several other stairwells leading to the ground floor that were closer to the two officers. He also stated that he did not see Appellant carrying anything in his hands. As Appellant descended the stairs, according to Officer Parker, Appellant appeared to bend over behind a bush, briefly disappearing from Officer Parker's line of sight. Appellant stood back up and then voluntarily approached Officer Parker to speak with him. Officer Parker later searched the area around the bush and discovered an electronic scale, a jar, and a plastic bag containing 10.84 grams of marijuana and 3.06 grams of 4-methylethcathinone, a controlled substance. Police then arrested

Appellant. Officer Parker noted that the apartment complex was known as a high-crime area.

The State subsequently petitioned the trial court to proceed to adjudication on the merits of Appellant's deferred charge from 2008, accusing Appellant of possessing a controlled substance. Appellant pleaded "not true." At the revocation hearing, Green testified that she owned the drugs and the scale police found near the bush. She maintained that she got rid of the drugs prior to flagging down the officers because she had already been drinking and did not want to get into more trouble. She also testified that the scale was hers, and that she used it to ensure that when she bought drugs, she received the correct amount.

Appellant waived his Fifth Amendment rights and testified on his own behalf. Appellant disputed Officer Parker's contention that he had bent down behind a bush before approaching police officers to talk. Appellant testified that when he first entered Green's apartment, she was intoxicated and belligerent, and that when she opened her purse while accusing him of taking her money, he saw the drugs inside her purse. Appellant further testified that he had told Green she should not being doing drugs and that he felt angry that Green was still doing drugs. Appellant stated that after she left the apartment, he did not chase after her because he was mad, but instead smoked a cigarette. He then left the apartment, heard her talking, and realized she was speaking with police. He testified that he considered leaving, but decided instead to approach the officers and explain his situation.

The trial court found that Appellant violated the terms of his probation, adjudicated him guilty of the underlying charge, and sentenced him to three years in prison.

## DISCUSSION

Appellant asserts in his sole issue that the State failed to meet its evidentiary burden in establishing his intentional and knowing possession of drugs found in an open-air, shared access

3

portion of a high-crime apartment complex, rendering the trial court without discretion to revoke his community supervision. We disagree.

### Standard of Review and Applicable Law

"The question at a revocation hearing is whether the appellant broke the contract he made with the court after the determination of his guilt." *Armstrong v. State*, 134 S.W.3d 860, 863 (Tex.App.--Texarkana 2004, pet ref'd), *citing Kelly v. State*, 483 S.W.2d 467, 469 (Tex.Crim.App. 1972)(internal quotations omitted). "In a revocation proceeding, the trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision." *Leonard v. State*, 385 S.W.3d 570, 576 (Tex.Crim.App. 2012). A preponderance of the evidence is "[t]he greater weight of the evidence; superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." BLACK'S LAW DICTIONARY 1201 (7th ed. 1999). Thus, "[t]he State's burden of proof is satisfied if the greater weight of credible evidence creates a reasonable belief that the defendant violated a condition of [his] probation as alleged by the State." *Armstrong v. State*, 82 S.W.3d 444, 448 (Tex.App.--Austin 2002, pet. ref'd).

"Though defendants are not entitled to community supervision as a matter of right, once a defendant is assessed community supervision in lieu of other punishment, this conditional liberty should not be arbitrarily withdrawn by the court." *Leonard*, 385 S.W.3d at 576 (internal citation and quotation marks omitted). We review a trial court's decision to revoke community supervision for abuse of discretion. *Id*. "A trial court abuses its discretion if it revokes community supervision despite the State's failure to prove a violation of the conditions of

supervision" with sufficient evidence. *Vidal v. State*, 167 S.W.3d 897, 898 (Tex.App.--Austin 2005, no pet.). "The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling." *Cantu v. State*, 339 S.W.3d 688, 691 (Tex.App.--Fort Worth 2011, no pet.).

Here, the State alleged that Appellant violated the terms of his community supervision by intentionally and knowingly possessing less than a gram of a controlled substance in violation of the laws of Texas and the United States. "To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005). "Mere presence at the location where drugs are found is . . . insufficient, by itself, to establish actual care, custody, or control of those drugs." *Evans v. State*, 202 S.W.3d 158, 162 (Tex.Crim.App. 2006); *see also Poindexter*, 153 S.W.3d at 406. However, presence coupled with other direct or circumstantial evidence may affirmatively "link" the defendant to the drugs and establish knowing possession or control. *Evans*, 202 S.W.3d at 162. Our sister courts have recognized a constellation of non-exclusive factors which we may consider in determining knowing possession. *See id.* at 162 n.12.[1] "We

---

[1] These factors include, *inter alia*:

   (1) the defendant's presence when a search is conducted;
   (2) whether the contraband was in plain view;
   (3) the defendant's proximity to and the accessibility of the narcotic;
   (4) whether the defendant was under the influence of narcotics when arrested;
   (5) whether the defendant possessed other contraband or narcotics when arrested;
   (6) whether the defendant made incriminating statements when arrested;
   (7) whether the defendant attempted to flee;
   (8) whether the defendant made furtive gestures;
   (9) whether there was an odor of contraband;
   (10) whether other contraband or drug paraphernalia were present;
   (11) whether the defendant owned or had the right to possess the place where the drugs were found;
   (12) whether the place where the drugs were found was enclosed;
   (13) whether the defendant was found with a large amount of cash; and

need not consider affirmative link factors that are absent from the evidence." *Batiste v. State*, 217 S.W.3d 74, 80 (Tex.App.--Houston [1st Dist.] 2006, no pet.). "It is . . . not the number of [affirmative] links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162.

### Analysis

Appellant argues that the State failed to meet its burden by establishing a sufficient number of affirmative links between him and the drugs. The State counters that, when viewing those factors favorable to the ruling, the trial court did not err in exercising its discretion to revoke community supervision. Specifically, the State contends that Green's initial statement to police that Appellant possessed drugs, Appellant's use of the stairwell furthest away from police to descend to the ground floor, and Officer Parker's testimony that he saw Appellant briefly bend over and disappear from view behind a bush where drugs and an electronic scale were later found are all links that, when taken together, are sufficient for the trial court to find possession by a preponderance of the evidence. We agree.

While Appellant presented evidence that contradicted Officer Parker's account of events, the trial judge, as sole trier of fact, could have resolved the disputed facts in the manner laid out by the State. *See Cantu*, 339 S.W.3d at 691 (appellate court must view evidence in light most favorable to ruling). Under those facts, his girlfriend's initial accusations that he was in possession of drugs, Appellant's choice to use the stairwell furthest from the police in descending to the ground floor, his bending over near the bush where drugs were found prior to approaching police, Appellant's relative proximity to the drugs at the time of the search, and the

---

(14) whether the conduct of the defendant indicated a consciousness of guilt.

*See Evans*, 202 S.W.3d at 162 n.12, *citing Olivarez v. State*, 171 S.W.3d 283, 291 (Tex.App.-Houston [14th Dist.] 2005, no pet.).

6

presence of a substantial amount of more than one drug and an electronic scale, when taken in the aggregate, are sufficient to support a finding that he more likely than not possessed the controlled substance. *See Evans*, 202 S.W.3d at 162 n.12 (listing furtive gestures, the presence of several narcotics, presence of contraband in plain view, and other facts as indicative of possession). As such, the State met its evidentiary burden, triggering the trial court's ability to revoke community supervision in the exercise of its sound discretion. *Leonard*, 385 S.W.3d at 576. Since we find no evidence in the record that the trial court abused this discretion by acting arbitrarily or without reference to any guiding principles, *see Lyles v. State,* 850 S.W.2d 497, 502 (Tex.Crim.App. 1993)(setting out abuse of discretion standard), we hold that the revocation was proper.

Issue One is overruled. We affirm the trial court's judgment.


April 16, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

7