Ernest PRINCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 44777.

Court of Criminal Appeals of Texas.

March 1, 1972.

Rehearing Denied April 5, 1972.

————◆————

E. Wayne Walker, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and George M. Karam, Asst. Dist.

Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On May 28, 1970, the appellant pled guilty before the court for the offense of selling marihuana and received a punishment of ten years, probated. One of the conditions of probation was that he avoid persons or places of disreputable or harmful character.

A motion to revoke probation was filed on August 27, 1970, alleging the following:

". . . Ernest Prince was arrested on or about August 12, 1970, while in the company of persons of disreputable or harmful character, to-wit: Patricia Ann Wilson, Walter E. Jones and Ralph E. Jones, all of whom have long criminal records."

Officer Roy J. LeCompte of the Houston Police Department testified that on August 12, 1970, he stopped a car being driven by Patricia Wilson because of various traffic violations and that she failed to produce a driver's license. The appellant was seated in the back seat of the car which also contained Walter and Ralph Jones as passengers.

Five witnesses appeared for the State. Four testified to the bad reputation of Walter and Ralph Jones; three testified to the bad reputation of Patricia Wilson.

The appellant testified that he ran into these people that night and sought a ride to the hospital. Ralph Jones agreed on the condition that appellant put gas in the car, which he did. Appellant further testified that he had gone to school with Ralph and Walter Jones seven years prior to the arrest but did not personally know them and was never associated with them prior to the date in question. He further testified that he had never before seen Miss Wilson.

On cross-examination the appellant denied that on the night of his arrest he had told the officers he knew these people and had been riding around with them.

Officer LeCompte then returned to the stand and testified to the following in reference to the night of the arrest:

"A. He told me he had gone out riding around together.

"Q. Did he tell you that he knew those people?

"A. Yes, sir."

Assuming the appellant's admission that he "knew those people" was admissible under Article 38.22, Section 1(f), Vernon's Ann.C.C.P., as amended, and that the evidence was sufficient to show the three persons in the car with the appellant were of disreputable and harmful character, these facts alone are insufficient to support an order revoking probation. The State must show that the probationer knew of the disreputable and harmful character of the persons, Shortnacy v. State, Tex.Cr.App., 474 S.W.2d 713; Jackson v. State, Tex. Cr.App., 464 S.W.2d 153, and that the probationer was more than merely in their presence, Steed v. State, Tex.Cr.App., 467 S.W.2d 460.

Viewing the evidence in the light most favorable to the State, we find it insufficient to show that appellant had knowledge of the disreputable and harmful character of the persons with whom he was riding when arrested. We hold the court abused its discretion in revoking probation.

Because of our disposition of the case other contentions will not be discussed.

The judgment is reversed and the cause remanded.