

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00146-CR
### NO. 02-11-00147-CR

MICHAEL OGBEIDE                                                            APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Pursuant to plea bargains, Appellant Michael Ogbeide pleaded guilty on December 20, 2010, to two charges of "engaging in organized criminal activity, to-wit: aggravated assault with a deadly weapon to-wit: his hand or foot."[2] The

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 71.02(a) (West Supp. 2012).

trial court deferred an adjudication of Appellant's guilt and placed him on community supervision for five years in each case. The State filed a petition to proceed to adjudication in each case on January 13, 2011, alleging that Appellant violated the terms of his community supervision by associating with known gang members, by having contact with Eugene Ogbeide, and by violating a 10 p.m. curfew, all occurring on January 1, 2011. Appellant pleaded not true to the State's allegations. After hearing testimony and argument from counsel, the trial court found true the State's allegations that Appellant contacted Eugene Ogbeide and associated with known gang members. The trial court adjudicated Appellant guilty in each case and sentenced him to five years' confinement in each case with the sentences running concurrently. Appellant contends in two points that the trial court abused its discretion by finding the State's allegations true because certain terms and conditions of his community supervision were too vague and ambiguous to be enforced and because insufficient evidence supported the trial court's findings. We affirm.

## II. Background

At the revocation hearing, Officer Teresa Taylor of the Arlington Police Department testified that she was on patrol on January 1, 2011, when she noticed that a vehicle in front of her patrol car accelerated rapidly from a stop light and made sudden lane changes without signaling. Officer Taylor initiated a traffic stop of the vehicle and immediately recognized one of the back seat passengers as Arias Reed, a person with whom she had interacted on several

2

occasions. Deji Akinbote was driving, and Appellant and Eugene Ogbeide (Eugene) were also passengers in the vehicle. Appellant and Eugene are brothers.

Officer Taylor testified that she had "worked several calls with [Reed] in the past [and] knew that he was a known gang member." She also testified that while she was checking the vehicle's occupants for warrants as part of the traffic stop, she notified the DWI unit (because she suspected that Akinbote was driving under the influence) and the gang unit (because of Reed's known gang affiliation). Officer Taylor testified that she overheard Appellant speaking with the gang unit officers about his probation status and that Appellant said "something about a certain judge would be upset if [s]he knew that he was hanging out with gang members."

Detective Ray Mullikin of the Arlington Police Department Gang Unit responded to Officer Taylor's call. He testified that he is familiar with Appellant because Appellant is a "member of a criminal street gang," and Detective Mullikin had "dealt with him numerous times because of that." Detective Mullikin testified that Eugene, Akinbote, and Reed are also gang members. Detective Mullikin spoke with Appellant at the scene and testified that Appellant said he knew he was on probation but said he was with the others because he needed a ride. Appellant also asked Detective Mullikin to not inform the trial court, and Detective Mullikin testified that Appellant seemed "pretty worried" about the trial court finding out that he had been "hanging out with these other gang members."

On cross-examination, Detective Mullikin testified that the last time he dealt with Appellant, Eugene, and Reed was April 2010 after a street fight that led to aggravated assault charges against Appellant and Eugene. He denied knowing that they had renounced their street gang memberships and testified that Appellant said he was still a "Player After Cash" (PAC) but could not remember exactly how Appellant phrased it during their conversation. Detective Mullikin testified that the gang unit considers PAC to be a subset of the Lynch Mob gang and that Appellant said he and Eugene were PAC members. Detective Mullikin also answered a series of questions as to whether PAC and Lynch Mob were different gangs or not, and he was questioned as to how he would know that Appellant and Eugene were still gang members. On redirect, Detective Mullikin testified unequivocally that Eugene, Akinbote, and Reed are known gang members.

Rodney Knotts, a Tarrant County probation officer, testified that he met with Appellant on January 13, 2011, and that Appellant "admitted knowing that Arias Reed is a gang member."

### III. Standard of Review

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Miles v. State*, 343 S.W.3d 908, 912 (Tex. App.—Fort Worth 2011, no pet.). The State must prove by a preponderance of the evidence that the defendant violated the terms and

4

conditions of community supervision. *Rickels*, 202 S.W.3d at 763. The State satisfies this burden when the greater weight of the credible evidence before the court creates a reasonable belief that it is more probable than not that the defendant has violated a condition of his community supervision as alleged in the State's motion. *Id.* at 763–64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Miles*, 343 S.W.3d at 912 (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd)). When there is sufficient evidence to support a finding that the defendant violated a condition of his community supervision, the trial court does not abuse its discretion by revoking the supervision. *See Cardona*, 665 S.W.2d at 493–94; *Wade v. State*, 83 S.W.3d 835, 839–40 (Tex. App.—Texarkana 2002, no pet.).

## IV. Clarity of Community Supervision Conditions

Appellant contends that the trial court abused its discretion by revoking his community supervision because certain terms and conditions of his community supervision were too vague and ambiguous to be enforced.[3] More specifically, Appellant contends that the conditions requiring that he not associate with "known gang members" and "have no contact" with Eugene Ogbeide are vague

---

[3]Appellant raises two points of error but argues them together. Parts of each point of error challenge the clarity of his community supervision conditions.

and ambiguous and that he could not have known what was required in order to comply.

The appellate record does not contain any indication that Appellant objected to or otherwise complained about the conditions of his community supervision when the conditions were imposed in December 2010. Indeed, there is affirmative evidence that Appellant did not object, and Appellant acknowledges as much in his brief. *See Speth v. State*, 6 S.W.3d 530, 535 (Tex. Crim. App. 1999) (holding complaint concerning community supervision conditions may not be raised for first time on appeal), *cert. denied*, 529 U.S. 1088 (2000); *Camacho v. State*, No. 02-03-00032-CR, 2004 WL 362376, at *1 (Tex. App.—Fort Worth Feb. 26, 2004, no pet.) (per curiam) (mem. op., not designated for publication) (holding vague and ambiguous challenge to community supervision condition not preserved because not raised by direct appeal following imposition of community supervision). Appellant has therefore not preserved this complaint for appellate review, and we overrule the portions of his first and second points that complain of the alleged vagueness and ambiguity of his community supervision conditions.

## V. Violation of Community Supervision Conditions

Appellant also contends that the trial court abused its discretion by adjudicating his guilt and revoking his community supervision because insufficient evidence supported the trial court's findings that he violated the conditions of his community supervision.

The relevant conditions of Appellant's community supervision state:

6

> Do not associate with person[s] who are known gang members and stay away from places where such persons congregate.
>
> Do not contact <u>EUGENE OBGEIDE OR NIGEL BALY</u> in any manner.

Appellant argues, "Admittedly, the individuals in the vehicle with Appellant were gang members at one time. However, there was no evidence that these individuals were, at the time the vehicle was stopped, still gang members." He further argues, "The State did not prove that Appellant contacted Eugene Ogbeide. The State merely proved Appellant's presence in a vehicle with Eugene Ogbeide." He cites *Prince v. State*, 477 S.W.2d 542, 543 (Tex. Crim. App. 1972), a case in which Prince had been ordered as a condition of his probation to "avoid persons or places of disreputable or harmful character." *Id.* The court of criminal appeals held that the trial court abused its discretion by finding that Prince violated the terms of his probation because the State had not shown that Prince "knew of the disreputable and harmful character of the persons" and "was more than merely in their presence." *Id.* Specifically, the evidence revealed that Prince had gone to school with two of the three individuals seven years earlier, that he "did not personally know them and was never associated with them prior to the date in question," and that he had "never before seen" the third individual. *Id.*

Here, the evidence shows not only that Eugene, Reed, and Akinbote were known to the Arlington Police Department as gang members but that Appellant admitted to the probation officer that he knew Reed was a gang member. Also,

7

Appellant, Reed, and Eugene were each involved in a street fight in April 2010 that led to Appellant's underlying aggravated assault charges in these cases. Moreover, Eugene is Appellant's brother. Thus, the evidence is clearly distinguishable from that presented by the State in *Prince*.

The evidence is, instead, similar to that which we found sufficient in *Cantu v. State*, 339 S.W.3d 688, 692 (Tex. App.—Fort Worth 2011, no pet.) (mem. op.). In that case, officers responded to a report of shots fired at a bar and stopped the truck that the defendant was driving. *Id.* at 689. "Riding in the bed of the truck was [a] self-reported gang member." *Id.* The officers also found a loaded weapon near where the self-reported gang member had been riding in the truck bed. *Id.* The State petitioned to adjudicate Cantu's guilt, alleging that Cantu violated the conditions of his community supervision by "associating with a person of harmful or disreputable character and remaining in a vehicle with a firearm." *Id.* Holding that the evidence was sufficient to support the trial court's findings, we stated,

> Viewed in the light most favorable to the judgment, the evidence shows that . . . [w]ithin six inches of where Garza, a self-admitted gang member, was riding in the bed of the truck at the time it was stopped, officers found a loaded nine-millimeter handgun hidden under a bandana. It is undisputed that Appellant and Garza appeared to know each other. From this evidence, it is not outside the zone of reasonable disagreement for the trial court to have believed and found that it was more than likely that Appellant had known that Garza was a person of harmful or disreputable character or that Appellant had remained in a vehicle with a weapon. Either of these findings would support the trial court's order adjudicating Appellant's guilt and revoking his community supervision.

*Id.* at 692.  We reach a similar conclusion.  Viewed in the light most favorable to the trial court's ruling, the greater weight of the credible evidence before the trial court was sufficient for it to have reasonably believed that it is more probable than not that Appellant violated the conditions of his community supervision requiring that he not contact Eugene Ogbeide or associate with known gang members.  We thus overrule the remainder of Appellant's first and second points.

## VI.  Conclusion

Having overruled each of Appellant's two points, we affirm the trial court's judgments.

PER CURIAM

PANEL:  GARDNER, J.; LIVINGSTON, C.J.; and MEIER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 30, 2012

9