02-11-146,147-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.  02-11-00146-CR

NO.  02-11-00147-CR

 

 


 
 
 MICHAEL OGBEIDE
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM CRIMINAL
District Court nO. 1 OF TARRANT COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I. 
Introduction

Pursuant
to plea bargains, Appellant Michael Ogbeide pleaded guilty on December 20,
2010, to two charges of “engaging in organized criminal activity, to-wit: 
aggravated assault with a deadly weapon to-wit:  his hand or foot.”[2]
 The trial court deferred an adjudication of Appellant’s guilt and placed him
on community supervision for five years in each case.  The
State filed a petition to proceed to adjudication in each case on January 13,
2011, alleging that Appellant violated the terms of his community supervision
by associating with known gang members, by having contact with Eugene Ogbeide,
and by violating a 10 p.m. curfew, all occurring on January 1, 2011.  Appellant
pleaded not true to the State’s allegations.  After hearing testimony and
argument from counsel, the trial court found true the State’s allegations that
Appellant contacted Eugene Ogbeide and associated with known gang members.  The
trial court adjudicated Appellant guilty in each case and sentenced him to five
years’ confinement in each case with the sentences running concurrently.  Appellant
contends in two points that the trial court abused its discretion by finding
the State’s allegations true because certain terms and conditions of his
community supervision were too vague and ambiguous to be enforced and because
insufficient evidence supported the trial court’s findings.  We affirm.

II. 
Background

At
the revocation hearing, Officer Teresa Taylor of the Arlington Police
Department testified that she was on patrol on January 1, 2011, when she
noticed that a vehicle in front of her patrol car accelerated rapidly from a
stop light and made sudden lane changes without signaling.  Officer Taylor
initiated a traffic stop of the vehicle and immediately recognized one of the
back seat passengers as Arias Reed, a person with whom she had interacted on
several occasions.  Deji Akinbote was driving, and Appellant and Eugene Ogbeide
(Eugene) were also passengers in the vehicle. Appellant and Eugene are
brothers.

Officer
Taylor testified that she had “worked several calls with [Reed] in the past
[and] knew that he was a known gang member.”  She also testified that while she
was checking the vehicle’s occupants for warrants as part of the traffic stop,
she notified the DWI unit (because she suspected that Akinbote was driving
under the influence) and the gang unit (because of Reed’s known gang
affiliation).  Officer Taylor testified that she overheard Appellant speaking
with the gang unit officers about his probation status and that Appellant said
“something about a certain judge would be upset if [s]he knew that he was
hanging out with gang members.”

Detective
Ray Mullikin of the Arlington Police Department Gang Unit responded to Officer
Taylor’s call.  He testified that he is familiar with Appellant because Appellant
is a “member of a criminal street gang,” and Detective Mullikin had “dealt with
him numerous times because of that.”  Detective Mullikin testified that Eugene,
Akinbote, and Reed are also gang members.  Detective Mullikin spoke with
Appellant at the scene and testified that Appellant said he knew he was on
probation but said he was with the others because he needed a ride.  Appellant
also asked Detective Mullikin to not inform the trial court, and Detective Mullikin
testified that Appellant seemed “pretty worried” about the trial court finding
out that he had been “hanging out with these other gang members.”

On
cross-examination, Detective Mullikin testified that the last time he dealt
with Appellant, Eugene, and Reed was April 2010 after a street fight that led
to aggravated assault charges against Appellant and Eugene.  He denied knowing
that they had renounced their street gang memberships and testified that
Appellant said he was still a “Player After Cash” (PAC) but could not remember
exactly how Appellant phrased it during their conversation.  Detective Mullikin
testified that the gang unit considers PAC to be a subset of the Lynch Mob gang
and that Appellant said he and Eugene were PAC members.  Detective Mullikin
also answered a series of questions as to whether PAC and Lynch Mob were
different gangs or not, and he was questioned as to how he would know that
Appellant and Eugene were still gang members.  On redirect, Detective Mullikin
testified unequivocally that Eugene, Akinbote, and Reed are known gang members.

Rodney
Knotts, a Tarrant County probation officer, testified that he met with
Appellant on January 13, 2011, and that Appellant “admitted knowing that Arias
Reed is a gang member.”

III. 
Standard of Review

Appellate
review of an order revoking community supervision is limited to determining
whether the trial court abused its discretion.  Rickels v. State, 202
S.W.3d 759, 763 (Tex. Crim. App. 2006); Miles v. State, 343 S.W.3d 908,
912 (Tex. App.—Fort Worth 2011, no pet.).  The State must prove by a
preponderance of the evidence that the defendant violated the terms and
conditions of community supervision.  Rickels, 202 S.W.3d at 763.  The
State satisfies this burden when the greater weight of the credible evidence
before the court creates a reasonable belief that it is more probable than not
that the defendant has violated a condition of his community supervision as
alleged in the State’s motion.  Id. at 763–64; Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court is the sole judge of
the credibility of the witnesses and the weight to be given their testimony,
and we review the evidence in the light most favorable to the trial court’s
ruling.  Miles, 343 S.W.3d at 912 (citing Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984); Allbright v. State, 13 S.W.3d
817, 819 (Tex. App.—Fort Worth 2000, pet. ref’d)).  When there is sufficient
evidence to support a finding that the defendant violated a condition of his
community supervision, the trial court does not abuse its discretion by
revoking the supervision.  See Cardona, 665 S.W.2d at 493–94; Wade v.
State, 83 S.W.3d 835, 839–40 (Tex. App.—Texarkana 2002, no pet.).

IV. 
Clarity of Community Supervision Conditions

Appellant
contends that the trial court abused its discretion by revoking his community
supervision because certain terms and conditions of his community supervision
were too vague and ambiguous to be enforced.[3]  More
specifically, Appellant contends that the conditions requiring that he not
associate with “known gang members” and “have no contact” with Eugene Ogbeide
are vague and ambiguous and that he could not have known what was required in
order to comply.

The
appellate record does not contain any indication that Appellant objected to or
otherwise complained about the conditions of his community supervision when the
conditions were imposed in December 2010.  Indeed, there is affirmative
evidence that Appellant did not object, and Appellant acknowledges as much in
his brief.  See Speth v. State, 6 S.W.3d 530, 535 (Tex. Crim. App. 1999)
(holding complaint concerning community supervision conditions may not be
raised for first time on appeal), cert. denied, 529 U.S. 1088 (2000); Camacho
v. State, No. 02-03-00032-CR, 2004 WL 362376, at *1 (Tex. App.—Fort Worth
Feb. 26, 2004, no pet.) (per curiam) (mem. op., not designated for publication)
(holding vague and ambiguous challenge to community supervision condition not
preserved because not raised by direct appeal following imposition of community
supervision).  Appellant has therefore not preserved this complaint for
appellate review, and we overrule the portions of his first and second points
that complain of the alleged vagueness and ambiguity of his community
supervision conditions.

V. 
Violation of Community Supervision Conditions

Appellant
also contends that the trial court abused its discretion by adjudicating his
guilt and revoking his community supervision because insufficient evidence
supported the trial court’s findings that he violated the conditions of his
community supervision.

The
relevant conditions of Appellant’s community supervision state:

Do not associate with
person[s] who are known gang members and stay away from places where such
persons congregate.

 

Do not contact EUGENE
OBGEIDE OR NIGEL BALY in any manner.

 

Appellant
argues, “Admittedly, the individuals in the vehicle with Appellant were gang
members at one time.  However, there was no evidence that these individuals
were, at the time the vehicle was stopped, still gang members.”  He further
argues, “The State did not prove that Appellant contacted Eugene Ogbeide.  The
State merely proved Appellant’s presence in a vehicle with Eugene Ogbeide.”  He
cites Prince v. State, 477 S.W.2d 542, 543 (Tex. Crim. App. 1972), a
case in which Prince had been ordered as a condition of his probation to “avoid
persons or places of disreputable or harmful character.”  Id.  The court
of criminal appeals held that the trial court abused its discretion by finding
that Prince violated the terms of his probation because the State had not shown
that Prince “knew of the disreputable and harmful character of the persons” and
“was more than merely in their presence.”  Id.  Specifically, the
evidence revealed that Prince had gone to school with two of the three
individuals seven years earlier, that he “did not personally know them and was
never associated with them prior to the date in question,” and that he had
“never before seen” the third individual.  Id.

Here,
the evidence shows not only that Eugene, Reed, and Akinbote were known to the
Arlington Police Department as gang members but that Appellant admitted to the
probation officer that he knew Reed was a gang member.  Also, Appellant, Reed,
and Eugene were each involved in a street fight in April 2010 that led to
Appellant’s underlying aggravated assault charges in these cases.  Moreover,
Eugene is Appellant’s brother.  Thus, the evidence is clearly distinguishable
from that presented by the State in Prince.

The
evidence is, instead, similar to that which we found sufficient in Cantu v.
State, 339 S.W.3d 688, 692 (Tex. App.—Fort Worth 2011, no pet.) (mem. op.). 
In that case, officers responded to a report of shots fired at a bar and
stopped the truck that the defendant was driving.  Id. at 689.  “Riding
in the bed of the truck was [a] self-reported gang member.”  Id.  The
officers also found a loaded weapon near where the self-reported gang member
had been riding in the truck bed.  Id.  The State petitioned to
adjudicate Cantu’s guilt, alleging that Cantu violated the conditions of his
community supervision by “associating with a person of harmful or disreputable
character and remaining in a vehicle with a firearm.”  Id.  Holding that
the evidence was sufficient to support the trial court’s findings, we stated,

Viewed in the light
most favorable to the judgment, the evidence shows that . . . [w]ithin six
inches of where Garza, a self-admitted gang member, was riding in the bed of
the truck at the time it was stopped, officers found a loaded nine-millimeter
handgun hidden under a bandana.  It is undisputed that Appellant and Garza
appeared to know each other.  From this evidence, it is not outside the zone of
reasonable disagreement for the trial court to have believed and found that it
was more than likely that Appellant had known that Garza was a person of
harmful or disreputable character or that Appellant had remained in a vehicle
with a weapon.  Either of these findings would support the trial court’s order
adjudicating Appellant’s guilt and revoking his community supervision.

 

Id. at
692.  We reach a similar conclusion.  Viewed in the light most
favorable to the trial court’s ruling, the greater weight of the credible
evidence before the trial court was sufficient for it to have reasonably believed
that it is more probable than not that Appellant violated the conditions of his
community supervision requiring that he not contact Eugene Ogbeide or associate
with known gang members.  We thus overrule the remainder of Appellant’s first and
second points.

VI. 
Conclusion

Having
overruled each of Appellant’s two points, we affirm the trial court’s judgments.

 

 

PER
CURIAM

 

PANEL: 
GARDNER, J.; LIVINGSTON,
C.J.; and MEIER, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 30, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 71.02(a) (West Supp. 2012).





[3]Appellant raises two
points of error but argues them together.  Parts of each point of error
challenge the clarity of his community supervision conditions.