# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
## NO. 02-10-00041-CR


MANUEL CANTU                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## **MEMORANDUM OPINION**[1]

----------

Appellant Michael Cantu appeals the trial court's judgment adjudicating his guilt and imposing a six-year prison sentence for deadly conduct. We affirm.

Appellant pleaded guilty to deadly conduct—discharging a firearm at an individual—and received a six-year term of deferred-adjudication community supervision. Five months later, Fort Worth police officers responding to a report of shots fired at a bar saw a woman run out of the bar, point to a red Dodge pickup truck, and exclaim, "That's the truck, that's the truck." The officers

---

[1]*See* Tex. R. App. P. 47.4.

performed a felony stop of the truck, which was driven by Appellant. Riding in the bed of the truck was self-reported gang member Christopher Garza. After taking Garza into custody, the officers discovered a loaded Taurus nine-millimeter handgun under a bandana in the truck bed.

The State petitioned to adjudicate Appellant's guilt and revoke his community supervision. Specifically, the State alleged that Appellant had violated the conditions of his community supervision by, among other things, associating with a person of harmful or disreputable character and remaining in a vehicle with a firearm. After a hearing, the trial court granted the State's petition and sentenced Appellant to six years' confinement.

In his first issue, Appellant contends that the trial court violated his Sixth Amendment right to confrontation as set out in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004), by admitting documentary evidence that Appellant and Garza were both listed in Fort Worth Police Gang Unit reports as having previously identified themselves as members of local street gangs. State's Exhibit 3 is a "Report on Subject Cantu, Manuel [Appellant]" prepared by the Fort Worth Police Gang Unit. Under the heading, "Gang Affiliation(s)," appears the name of a local street gang and immediately underneath that, under the heading "Criteria for Inclusion" appear the words "SELF ADMISSION." State's Exhibit 4 is a similar report on "Garza, Christopher." It also lists the name of a gang under the heading "Gang Affiliation(s)" as well as "SELF ADMISSION" under the heading "Criteria for Inclusion."

The Texas Court of Criminal Appeals has not considered whether the Confrontation Clause applies to community-supervision revocation proceedings.

However, the Supreme Court of Washington has held that it does not apply to that state's sentence-modification hearings, which are conducted after the state has alleged that a probationer has violated conditions of his post-conviction "community placement." *See State v. Abd-Rahmaan*, 111 P.3d 1157, 1158, 1160–61 (Wash. 2005). Noting that the Confrontation Clause of the Sixth Amendment explicitly applies to "criminal prosecutions'" and that, "although an individual is guaranteed some rights in post-conviction hearings, it is not the 'full panoply of rights' guaranteed a defendant in a criminal prosecution[,]" the court concluded that, "[b]y its own terms, the guaranties of the Sixth Amendment do not apply in these post-conviction settings but to 'criminal prosecutions.'" *Id.*

Several federal circuit courts also have held that *Crawford* does not apply in parole revocation, supervised release or probation revocation proceedings. *See Ash v. Reilly*, 431 F.3d 826, 830 (D.C. Cir. 2005); *United States v.Rondeau*, 430 F.3d 44, 47–48 (1st Cir. 2005); *United States v. Kirby*, 418 F.3d 621, 627–28 (6th Cir. 2005); *United States v. Aspinall*, 389 F.3d 332, 342–43 (2d Cir. 2004), *abrogation on other grounds recognized by Clark v. Astrue*, 602 F.3d 140 (2d Cir. 2010); *United States v. Martin*, 382 F.3d 840, 844 (8th Cir. 2004).

Similarly, the United States District Court for the Southern District of California held that *Crawford* does not apply in an unsupervised-release revocation proceeding. *United States v. Barraza*, 318 F. Supp. 2d 1031, 1035 (S.D. Cal. 2004). That court followed precedent of the Ninth Circuit, which established the right to confrontation recognized in *Morrissey v. Brewer*, 408 U.S.

471, 92 S. Ct. 2593 (1972), as a due process right emanating from the Fourteenth Amendment, not from the Sixth Amendment. *See United States v. Daniel*, 209 F.3d 1091, 1093 (9th Cir.), *cert. denied*, 531 U.S. 999 (2000).

Further, a number of our sister courts have held that *Crawford* does not apply to probation revocation proceedings. *Trevino v. State*, 218 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding *Crawford* does not apply to probation revocation hearings); *Diaz v. State*, 172 S.W.3d 668, 670 (Tex. App.—San Antonio 2005, no pet.) (holding *Crawford* does not apply to community-supervision revocation hearings); *Smart v. State*, 153 S.W.3d 118, 121 (Tex. App.—Beaumont 2004, pet. ref'd), *cert. denied*, 546 U.S. 1016 (2005) (same).

But the case before us is an appeal from a deferred-adjudication community-supervision-revocation proceeding. Because at the time of an adjudication hearing no conviction has occurred, it is unclear whether the prosecution of the case has ended. We have found only one case that has addressed whether *Crawford* applies to proceedings to determine whether a probationer placed on deferred-adjudication community supervision should be adjudicated and have his or her community supervision revoked. *See Mauro v. State*, 235 S.W.3d 374, 375–76 (Tex. App.—Eastland 2007, pet. ref'd) (holding *Crawford* does not apply to deferred-adjudication community-supervision proceedings).

We need not decide, however, whether *Crawford* applies to deferred adjudication proceedings because even if it does, the challenged evidence in this case does not fall within that class of evidence—testimonial hearsay—that the

4

Sixth Amendment prohibits without having the accusing witness present or the defendant's having had a prior opportunity to cross-examine him. *See Crawford*, 541 U.S. at 53–54, 124 S. Ct. at 1365. The evidence that Garza was listed in a gang unit report as having self-identified as a gang member is not testimonial as to Appellant because it does not accuse *Appellant* of anything. Therefore, the trial court did not abuse its discretion to admit State's Exhibit 4. Further, the evidence that Appellant was likewise listed as having self-identified as a gang member in a similar report is not testimonial hearsay. State's Exhibit 3 is not accusatory because it does not accuse Appellant of doing anything for which he might be prosecuted; it is a mere record that Appellant has claimed membership in a gang. At the first level, it is an admission because Appellant is the declarant, therefore, by definition, it is non-hearsay. Tex. R. Evid. 801(e)(2)(A). And at the next level, Appellant's admission that he was a gang member is non-hearsay because it was not offered for the truth of the matter asserted—that Appellant was a gang member—but rather for the fact that he is listed in a report as having claimed gang membership. Tex. R. Evid. 801(c). Because we hold that the challenged evidence does not fall within the class of evidence prohibited by the Sixth Amendment as interpreted by *Crawford*, we overrule Appellant's first issue. *See Crawford*, 541 U.S. at 53–54, 124 S. Ct. at 1365.

In his second and third issues, Appellant contends that the evidence is insufficient to support the trial court's finding that he violated the conditions of his community supervision.

The decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision is reviewable in the same manner as a

revocation of ordinary community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2010). We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry*, 215 S.W.3d at 919. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Cherry*, 215 S.W.3d at 919. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94. Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd.).

Viewed in the light most favorable to the judgment, the evidence shows that Appellant was on deferred adjudication for discharging a weapon at or in the

direction of a habitation when the truck he was driving was stopped by police who had responded to a shots-fired call at a bar.  When the officers arrived, they observed the truck driven by Appellant leaving the location and a woman running out of the bar, pointing at Appellant's truck, and exclaiming, "That's the truck. That's the truck."  Within six inches of where Garza, a self-admitted gang member, was riding in the bed of the truck at the time it was stopped, officers found a loaded nine-millimeter handgun hidden under a bandana.  It is undisputed that Appellant and Garza appeared to know each other.  From this evidence, it is not outside the zone of reasonable disagreement for the trial court to have believed and found that it was more than likely that Appellant had known that Garza was a person of harmful or disreputable character or that Appellant had remained in a vehicle with a weapon.  Either of these findings would support the trial court's order adjudicating Appellant's guilt and revoking his community supervision.  Thus, there is no error in the trial court's judgment.  Appellant's second and third issues are overruled.

Having overruled all of Appellant's issues, the trial court's judgment is affirmed.

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

PUBLISH

DELIVERED:  February 3, 2011