02-11-206 & 207-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00206-CR

NO. 02-11-00207-CR

 

 


 
 
 Javon Romell Weston a/k/a Javon Omell Weston
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          In
six points, Javon Romell Weston a/k/a Javon Omell Weston challenges two judgments
adjudicating him guilty of two robbery offenses.  We affirm.

Background

          Appellant
pled guilty to two separate charges of robbery in March 2010 pursuant to a plea
bargain.  In accordance with the plea bargain, the trial court placed appellant
on deferred adjudication community supervision for five years in each cause
number.  The State filed a petition to adjudicate in both causes in June 2010
and an amended petition to adjudicate in one of the causes in March 2011.

          In
trial court cause number 1183210D (appellate cause number 2-11-206-CR), the
State alleged that appellant had violated the terms of his community
supervision by (1) committing the new offense of unlawfully carrying a weapon,
(2) failing to work at suitable employment since March 2010, (3) failing to
timely notify his supervision officer of a change in address, (4) failing to
complete the total number of hours of community service ordered by the trial
court, (5) failing to attend anger control counseling as ordered by the trial
court, (6) associating with persons of disreputable or harmful character, (7
& 8) failing to avoid places of disreputable or harmful character, and (9)
possessing a firearm.  The trial court adjudicated appellant guilty of robbery,
finding paragraphs five through nine, and possibly one,[2]
true.

          In
trial court cause number 1185082D (appellate cause number 2-11-207-CR), the
State alleged that appellant had violated the terms of his community
supervision by (1) committing the new offense of unlawfully carrying a weapon,
(2) failing to work at suitable employment since March 2010, (3) failing to
timely notify his supervision officer of a change in address, and (4) failing
to attend anger control counseling as ordered by the trial court.  The trial
court adjudicated appellant guilty of robbery, finding only paragraph one to be
true.[3]

Standard
of Review and Applicable Law

The
decision to proceed to an adjudication of guilt and revoke deferred
adjudication community supervision is reviewable in the same manner as a
revocation of ordinary community supervision.  Tex. Code Crim. Proc. Ann. art.
42.12, § 5(b) (West Supp. 2011).  We review an order revoking community
supervision under an abuse of discretion standard.  Rickels v. State,
202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cherry v. State, 215 S.W.3d
917, 919 (Tex. App.––Fort Worth 2007, pet. ref’d).  In a revocation proceeding,
the State must prove by a preponderance of the evidence that the defendant
violated the terms and conditions of community supervision.  Cobb v. State,
851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Cherry, 215 S.W.3d at 919. 
The trial court is the sole judge of the credibility of the witnesses and the
weight to be given their testimony, and we review the evidence in the light
most favorable to the trial court’s ruling.  Garrett v. State, 619
S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); Cherry, 215 S.W.3d
at 919.   If the State fails to meet its burden of proof, the trial court
abuses its discretion in revoking the community supervision.  Cantu v. State,
339 S.W.3d 688, 691–92 (Tex. App.––Fort Worth 2011, no pet.).  Proof by a
preponderance of the evidence of any one of the alleged violations of the
conditions of community supervision is sufficient to support a revocation
order.  Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.]
1980); Leach v. State, 170 S.W.3d 669, 672 (Tex. App.––Fort Worth 2005,
pet. ref’d).

          Appellant
contends in his first point that the evidence is insufficient to prove that he
committed the new offense of unlawful carrying of a weapon.  “A person commits
an offense if the person intentionally, knowingly, or recklessly carries on or
about his or her person a handgun . . . if the person is not . . .
(1) on the person’s own premises or premises under the person’s control . . . or
(2) inside of or directly en route to a motor vehicle . . . that is owned by
the person or under the person’s control.”  Tex. Penal Code Ann. § 46.02(a) (West
Supp. 2011).  According to appellant, the State did not prove by a
preponderance of the evidence that he actually possessed a weapon.

Applicable
Facts and Analysis

          Detective
Clinton Weil of the Arlington Police Department testified that he was working
surveillance at a place called Club G on June 19, 2010.  Around 1:00 a.m., he
saw some patrons gathered around an SUV about forty to fifty yards away from
him.  Detective Weil saw a person walk around the SUV to the passenger side and
then come back to the group with his right hand near his waist band.  The man
said, “What now, what now, bitches, you want some of this?”  The man then “spun
towards” Detective Weil who “could pick up the pretty distinct feature of a
gun.”  He could see the outline of it.  The man’s companions then put him in
the SUV and drove off.  According to Detective Weil, the man was dressed in
dark clothing and was “a shorter black male . . . [of] stocky build.”  The SUV
was green and had the word “Suzuki” on the tire cover.

          Detective
Weil and his partner alerted the police to look for the SUV; police found it
about a block later at a Shell station.  Detective Weil looked in the SUV and
identified the left rear seat passenger, whom he identified at trial as
appellant.  Although officers did not find a gun on appellant when they patted
him down, they did find a gun underneath the SUV’s front passenger seat.  Detective
Weil could not say the gun found in the SUV was the same gun he saw at Club G. 
He could not identify the T-shirt appellant was found wearing as the same
T-shirt the man with the gun wore, nor could he identify appellant by face. 
Rather, he identified him by build and by the location in which he was found in
the SUV.

          Christopher
James, who was in the car that night, testified that the gun under the front
passenger’s seat was appellant’s and that appellant had asked him to put it
under the seat.  According to James, he was holding the gun at his house for a
friend, and appellant took the gun that evening to go to Club G.  James
testified that the gun belonged to appellant, and no one else touched it that
night.

James
also testified that the SUV belonged to his friend Carl’s parents and that Carl
drove it.

          Based
on the foregoing, we conclude and hold that the evidence is sufficient to prove
by a preponderance of the evidence that appellant intentionally or knowingly
possessed a handgun on premises not under his control and not in a vehicle that
he owned or was under his control.  Thus, the trial court did not abuse its
discretion by finding paragraph one of each petition to be true.  We overrule
appellant’s first point.

          Because
it is unclear whether the trial court found paragraph one to be true in cause
number 1183210D, we will also review the sufficiency of the evidence to support
any other allegation the trial court found to be true in that cause number. 
The trial court found that appellant had possessed a firearm in violation of
his community supervision conditions.  Based on the foregoing, we conclude and
hold that the trial court did not abuse its discretion by finding paragraph
nine of the petition in cause number 1183210D to be true.  We overrule
appellant’s sixth point.

          Because
proof of a single violation in each case is sufficient to support the trial
court’s decision to adjudicate, we need not address appellant’s remaining points
regarding the other alleged violations.  Moore, 605 S.W.2d at 926; Trevino
v. State, 218 S.W.3d 234, 240 (Tex. App.––Houston [14th Dist.] 2007, no
pet.); see Tex. R. App. P. 47.1.

Conclusion

          Having
overruled appellant’s dispositive points, we affirm the trial court’s
judgments.

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; GARDNER and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App.
P. 47.2(b)

 

DELIVERED:  December 15, 2011









[1]See Tex. R. App. P. 47.4.





[2]The trial court stated on
the record, “[T]he Court hereby finds that you have violated your conditions
with regard to paragraph one, number six.  I’m sorry.  Number five, number six,
number seven, number eight and number nine.”





[3]Because the trial court
found the same allegation true in cause number 1183210D, the trial court may
have misspoke in saying, “Number four had been found not true,” confusing
appellant’s “not true” plea for its finding.  However, the record does show
that the trial court found the allegation in the first paragraph to be true.