**Fourth Court of Appeals**
**San Antonio, Texas**


## MEMORANDUM OPINION

No. 04-12-00505-CR

James Kumar **RAGHUBIR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the Criminal District Court 3, Tarrant County, Texas
Trial Court No. 1171249D
The Honorable Robb Catalano, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  February 20, 2013

AFFIRMED

The sole issue presented in this appeal is whether the evidence is sufficient to support the trial court's finding that James Kumar Raghubir violated a condition of his community supervision.  Holding the evidence sufficient to support a finding of at least one violation, we affirm the trial court's judgment.

### BACKGROUND

On November 3, 2009, Raghubir pled guilty to the offense of burglary of a habitation and was placed on deferred adjudication community supervision for five years.  In January of 2010,

the State filed a petition to proceed to adjudication; however, the petition was subsequently dismissed after an agreement was reached to modify the terms and conditions of Raghubir's community supervision, including the imposition of a condition that required Raghubir to attend and complete an intensive day treatment program and aftercare at the Tarrant County Jail. In June of 2010, Raghubir was released from the Tarrant County Jail with the condition that he complete the remainder of the intensive day treatment program and aftercare out of custody.

In October of 2011, the State filed its second petition to proceed to adjudication. The petition alleged that Raghubir: (1) committed a new assault offense in which he bit the tip off the complainant's finger; (2) failed to report for the months of April 2011 and September 2011; (3) failed to remain in Tarrant County, Texas by traveling to Florida; (4) failed to pay his monthly supervision and crime stoppers fees; and (5) failed to complete the required community service hours for March, April, May, June, July, and August of 2011. At the hearing on the petition, the State waived the first alleged violation, and Raghubir pled not true to the remaining violations. Based on the testimony presented, the trial court found Raghubir violated the conditions of his community supervision, adjudicated his guilt, and sentenced him to ten years imprisonment.

## STANDARD OF REVIEW

"The decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision." *Cantu v. State*, 339 S.W.3d 688, 691 (Tex. App.—Fort Worth 2011, no pet.); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2012). An order revoking community supervision is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cantu*, 339 S.W.3d at 691. The State is required to prove that the defendant violated the terms and conditions of his community supervision by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763; *Cantu*, 339 S.W.3d at 691. "The trial court is the sole

judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling." *Cantu*, 339 S.W.3d at 691. "When the State has failed to meet its burden of proof, the trial judge abuses his discretion in issuing an order to revoke probation." *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984); *see also Cantu*, 339 S.W.3d at 691. If the State meets its burden of proof as to any one of the alleged violations of the conditions of community supervision, the trial court does not abuse its discretion in revoking community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Cantu*, 339 S.W.3d at 691–92.

### SUFFICIENCY OF THE EVIDENCE

In his brief, Raghubir does not challenge the sufficiency of the evidence to support the trial court's finding that he violated the conditions of his community supervision by failing to report in September of 2011. This violation alone is sufficient to support the trial court's order. Moreover, the record contains a letter written by Raghubir to the trial judge in which Raghubir admits that he failed to pay his fees, failed to complete his community service, and left the State of Texas. Finally, the record contains the testimony of the probation officer who supervised Raghubir since February of 2011. Although Raghubir was required to complete twelve hours of community supervision each month, the probation officer testified that he had not completed any hours. The probation officer testified that Raghubir told her he had full-time employment; however, he was in arrears in the fees he was required to pay. Finally, the probation officer testified that Raghubir failed to report in April and September of 2011 and that his failure to report in September was due to him being in Florida, which is supported by the probation officer's testimony that Raghubir had to be extradited from Florida to Texas when a warrant was issued for his arrest.

## CONCLUSION

Because the record contains sufficient evidence to support the trial court's finding that Raghubir violated at least one of the conditions of his deferred adjudication community supervision, the trial court did not abuse its discretion in adjudicating his guilt and revoking his community supervision. The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH