

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00562-CR
### NO. 02-12-00563-CR
### NO. 02-12-00564-CR

REGINALD DORSEY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Reginald Dorsey pled guilty pursuant to a plea bargain to insurance fraud greater than $1,500 and impersonating a public servant, and the trial court convicted him of these two offenses and sentenced him to two years' confinement in the state jail division of the Texas Department of Criminal Justice for insurance fraud and ten years' confinement in the institutional division and a

---

[1]*See* Tex. R. App. P. 47.4.

$3,000 fine for impersonating a public servant, both sentences probated for five years. About ten months later, Appellant pled guilty to theft of property with a value greater than or equal to $1,500 but less than $20,000, and pursuant to a plea bargain, the trial court placed Appellant on deferred adjudication community supervision for four years.

About two months after Appellant was placed on deferred adjudication community supervision, the State filed a motion to revoke in the insurance-fraud and impersonating-a-public-servant cases and a motion to proceed to adjudication in the theft case. After a hearing, the trial court found that Appellant had violated several conditions of community supervision as set out in the State's motions to revoke and to proceed to adjudication, revoked Appellant's community supervision and deferred adjudication community supervision, adjudicated his guilt in the theft case, and sentenced him to two years' confinement in the state jail division in the insurance-fraud and theft cases and five years' confinement in the institutional division in the impersonating-a-public-servant case, with all sentences to be served concurrently.

In four issues, Appellant contends that the trial court erred by finding that (1) any proof existed of the commission of a new offense; (2) he failed to pay amounts due during community supervision because there was no proof of his ability to pay; (3) he failed to complete courses when there was no proof of a deadline for completion; and (4) he failed to complete community service when the proof established that an injury prevented his performing any community

2

service.  Appellant contends that each of these alleged errors in turn caused the trial court to err by revoking his community supervision in all three cases and adjudicating his guilt in the theft offense.  Because we hold that the trial court did not abuse its discretion by revoking Appellant's community supervision in all three cases and adjudicating his guilt in the theft case, we affirm the trial court's judgments.

Although the State's motions to revoke and to proceed to adjudication were not identical, in all three cases the State alleged that Appellant violated the following nonfinancial terms and conditions of his community supervision and deferred adjudication community supervision:

> (a)    Commit no offense against the laws of this State or of any other state or of the United States;
>
> [Appellant] violated said term and condition in that on or about the 18th day of June, 2011, thru the 29th day of October, 2011, in Denton County of the State of Texas, he did then and there make OR present OR use a record OR document, to-wit: timesheet that documents defendants community service hours worked and defendant had forged signatures, hours, and dates, stating that defendant had worked hours that defendant had not worked, with knowledge of its falsity and with intent that it be taken as a genuine governmental record.
>
> This violation occurred after May 25, 2011 [and after March 28, 2012 in the theft case] and during said term[s] of community supervision.
>
> . . . .
>
> (s)    Defendant is to complete 300 hours . . . of Community Service Restitution [120 hours in the theft case] at a community service project or projects for an organization or organizations . . . , to be completed at a rate of not less than four hours per week starting by but not later than 60 days from the date of community supervision;

3

[Appellant] violated said term and condition in that he failed to begin 300 hours . . . [120 hours in the theft case] of Community Service Restitution to be completed at a rate of not less than four hours per week starting by but not later than 60 days from the date of community supervision as ordered by the Court.

. . .

This violation occurred after May 25, 2011 [after March 28, 2012 in the theft case] and during said term[s] of community supervision.

(aa)  Attend once a week counseling with the Life Skills Course. Defendant is to begin within one week of the date of community supervision and continue until released with successful completion as stated by the counselor with the agreement of the community supervision officer;

[Appellant] violated said term and condition in that he failed to continue in the Life Skills Course until released with successful completion as stated by the counselor with the agreement of the supervision officer as ordered by the Court.

This violation occurred after May 25, 2011 [and after March 28, 2012 in the theft case] and during said term[s] of community supervision.

We review an order revoking community supervision or revoking deferred adjudication community supervision and adjudicating guilt under an abuse of discretion standard.[2]  In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.[3]  The trial court is the sole judge of the

---

[2]*Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Cantu v. State*, 339 S.W.3d 688, 691 (Tex. App.—Fort Worth 2011, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2012).

[3]*Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling.[4] If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking community supervision.[5]

Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order.[6]

Appellant's community supervision officer testified that Appellant violated the Life Skills program condition and had not completed that program. Specifically, she testified that she had "signed him up for the Life Skills class several times, and he failed to attend it on more than one occasion." While she also testified, incorrectly, that there was "no specific time to begin" the course, the trial court took judicial notice of the file in each case. Each order placing Appellant on community supervision, whether straight or deferred, provides that Appellant was to begin the Life Skills course within one week of being placed on community supervision and attend the course weekly until both his instruction and community supervision officer agreed that he had successfully completed it.

---

[4]*Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

[5]*Cardona*, 665 S.W.2d at 493–94.

[6]*Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

Accordingly, we hold that a preponderance of the evidence supports the trial court's finding that Appellant violated the Life Skills course condition in each case. Such proof of a single violation sufficiently supports revocation.[7] The trial court therefore did not abuse its discretion by revoking Appellant's community supervision in all three cases and adjudicating his guilt in the theft case. We overrule his third issue. Because this resolution is dispositive, we do not reach Appellant's remaining three issues.

Having overruled Appellant's dispositive issue, we affirm the trial court's judgments.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 26, 2013

---

[7]*Moore*, 605 S.W.2d at 926; *Sanchez*, 603 S.W.2d at 871.