# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH
### NO. 02-13-00201-CR


CRAIG LEE SMITH                                                      APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

## FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In a single issue, Appellant Craig Lee Smith argues that he received ineffective assistance of counsel at his revocation hearing. We affirm.

In May 2011, Smith pleaded guilty to criminal mischief, a state jail felony, in exchange for two years' confinement in state jail, probated for three years, and a $500 fine. Around a year later, the State filed a motion to revoke Smith's community supervision, alleging that he had failed to report to his community

---

[1]See Tex. R. App. P. 47.4.

supervision officer in March 2012 and April 2012 and that he had failed to pay supervision fees, restitution, court costs, attorney's fees, and fines.

At the revocation hearing, Smith informed the trial judge that he wanted to fire his appointed counsel, stating, "He has a personal interest in my case," and then made some remarks about the trial judge also having a personal interest. However, when the trial judge asked Smith to what personal interest he referred, Smith said he would file a written motion.[2] Smith then pleaded "not true" to all of the allegations in the State's motion, and the State called his probation officer, who identified Smith and testified that—among other community supervision requirements—Smith was supposed to report monthly but had failed to report in March 2012 and April 2012.

After the State rested, Smith testified that although he had signed the plea bargain on May 31, 2011, he had not actually been guilty, that his brother had actually committed the offense and should be there to testify,[3] and that he

---

[2]The only post-hearing motions in the record are Smith's pro se motion for new trial and notice of appeal, in which he complains about the original 2011 plea bargain but not the trial judge or the trial counsel here. Further, although Smith made some unusual remarks at the hearing, he does not raise his competency as an issue in this appeal. To the contrary, he instead alludes to the competency of his trial counsel, who was placed by a "federal court in a psychiatric evaluation . . . for violation of the Hinckley Act" after the hearing and prior to the appeal. Smith speculates that "[w]hile these circumstances do not point to a specific error in [his] hearing, the nature of [his] trial counsel's detention indicates that he may not have been in the correct frame of mind to adequately present a defense for [him]."

[3]Smith acknowledged that his counsel had explained the law of parties and original offense to him.

thought his due process rights were being violated because "the penal codes are wrong on all different stuff." The trial court sentenced Smith to two years' confinement after finding that Smith was the same person who had pleaded guilty on May 31, 2011, to state jail felony criminal mischief and that all of the State's allegations were true.

In his sole issue, Smith complains that his counsel was ineffective for failing to present any defense to the State's allegations and particularly for failing to raise the affirmative defense of inability to pay. He argues that there is a reasonable probability that, but for this error, the result of his proceeding would have been different.

However, Smith does not challenge the "failure to report" grounds, which the trial court also found true as a basis for revocation, the evidence is sufficient to support the trial court's "true" finding on those grounds, and the record is insufficient to affirmatively show counsel's reasons for failing to question Smith about those grounds or to present additional witnesses. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) ("[O]ne sufficient ground for revocation will support the court's order to revoke probation."); *Cantu v. State*, 339 S.W.3d 688, 691–92 (Tex. App.—Fort Worth 2011, no pet.) ("Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order."); *see also Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012) (stating that direct appeal is usually an inadequate vehicle for raising an

3

ineffective assistance claim because the record is generally undeveloped with regard to counsel's reasons for failing to do something).

Therefore, because Smith cannot show by a preponderance of the evidence either that his counsel's representation fell below the standard of prevailing professional norms or that there is a reasonable probability that, but for counsel's alleged deficiency, the result of the hearing would have been different, we overrule his sole issue. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009); *cf.* Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (West 2006 & Supp. 2013) (stating that in a community supervision revocation hearing at which it is alleged *only* that the defendant violated the community supervision conditions by failing to pay compensation to appointed counsel, community supervision fees, or court costs, the State must prove by a preponderance of the evidence that he was able to pay and did not pay as ordered by the judge).

Having overruled Smith's sole issue, we affirm the trial court's judgment.


PER CURIAM

PANEL:  MCCOY, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 20, 2014