

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00309-CR

DAVID HERMAN GOTTLICH                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In two points, Appellant David Herman Gottlich appeals the revocation of his deferred adjudication community supervision. We affirm.

In January 2012, in exchange for ten years' deferred adjudication community supervision and sex offender registration, among other conditions, Gottlich pleaded guilty to aggravated sexual assault of a child under fourteen years of age, a first-degree felony. In February 2013, the State filed a petition to proceed to adjudication, alleging in a single paragraph that Gottlich had violated

---

[1]*See* Tex. R. App. P. 47.4.

a condition of his community supervision by failing to complete one-third of his sex offender treatment within one year of January 16, 2012. Gottlich pleaded not true to the State's allegation, but the trial court found it true, adjudicated Gottlich's guilt of the underlying offense, and sentenced him to thirty years' confinement. This appeal followed.

In his first point, Gottlich argues that the trial court erred by proceeding to an adjudication of guilt because the trial court failed to admonish him under code of criminal procedure article 42.12, section 5(a) after accepting his guilty plea. Gottlich acknowledges that he waived the presence of the court reporter in writing and concedes that he did not raise his complaint at his plea hearing in the trial court.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Sample*, 405 S.W.3d at 300.

Further, despite Gottlich's argument that he was harmed when he did not receive the warnings *after* entry of deferred adjudication community

2

supervision—even though he received the same warnings in his written plea admonishments *before* pleading guilty in exchange for deferred adjudication community supervision—he has not shown that he would not have pleaded guilty if he had been admonished differently. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) ("The failure of a judge to inform a defendant of possible consequences under Subsection (b) of this section is not a ground for reversal unless the defendant shows that he was harmed by the failure of the judge to provide the information."); *Brown v. State*, 943 S.W.2d 35, 42 (Tex. Crim. App. 1997) (stating that when a defendant complains about the trial court's failure to give certain information that is statutorily but not constitutionally required, he "should be required to show that he would not have entered his plea had he been given the required information"). Therefore, we overrule his first point.

In his second point, Gottlich argues that the trial court erred by "improperly consider[ing] evidence that was the product of a leading question elicited during direct examination of a critical State's witness" in violation of evidence rule 610(c). Specifically, Gottlich complains about one question "during the State's direct examination of witness Heidi McCusker, a supervisor in the Sex Offender Unit of the Tarrant County Community Supervision Corrections Department," and argues that the trial court's decision to overrule his leading objection substantially harmed him.[2]

---

[2]In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated his community supervision. *Cantu v.*

3

The section of testimony that Gottlich references in his brief is actually the testimony of Michael Strain, the psychotherapist who had been treating Gottlich, which occurred after McCusker's testimony. Strain testified that Gottlich had never denied that the offense happened but that Gottlich minimized what he had done, blamed the complainant, and

> had serious problems and believing in [sic] that he caused any damage to his victim. *It was his—his stated belief that she was equally responsible to him, to—as him to the offense*, that he didn't believe he had caused any harm to her. He believed that the only reason she reported the offense was because, I think she said the police and one of his daughters had pressured, and—and coerced her into making the statement. [Emphasis added.]

The complained-of portion of testimony then occurred:

> Q. In other words, did he—did he make them kind of coequal in the situation?
>
> [Defense counsel]: Objection to the leading, Your Honor.
>
> [The Court]: Overruled.
>
> You may answer.
>
> A. He—he said that he felt that she was equally responsible for his offense as she [sic] was.

Assuming, without deciding, that the trial court erred by overruling Gottlich's objection, a trial court's erroneous admission of evidence will not

---

*State*, 339 S.W.3d 688, 691 (Tex. App.—Fort Worth 2011, no pet.). The evidence showed that Gottlich was required to complete ten of thirty sex offender treatment goals during the first year of his community supervision but had only completed seven (plus waiver of one goal). Gottlich does not challenge the sufficiency of the evidence to support the revocation.

4

require reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (citing *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)), *cert. denied*, 131 S. Ct. 905 (2011); *Lane v State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004). Because Strain had already testified that Gottlich had said that the complainant was equally responsible for the sexual abuse when Gottlich made his leading objection to the leading question, we overrule his second point.

Having overruled both of Gottlich's points, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 30, 2014

5