

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00307-CR

Nicholas **ARANDA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR10018B
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  May 21, 2014

AFFIRMED

Appellant Nicholas Aranda was charged by indictment with robbery.  In accordance with a plea bargain, the trial court deferred a finding of guilt and placed Aranda on community supervision for five years.  Subsequently, the State filed a motion to revoke Aranda's deferred adjudication community supervision.  The trial court granted the State's motion, adjudicated Aranda guilty, and sentenced him to ten years of confinement in the Texas Department of Criminal Justice—Institutional Division.  On appeal, Aranda contends the trial court erred in failing to: (1)

follow the plea agreement with the State, and (2) admonish Aranda, at the revocation hearing, as to the full range of punishment. We affirm the trial court's judgment.

## BACKGROUND

After reaching a plea bargain agreement with the State, Aranda pled nolo contendere to the offense of robbery. In accordance with the plea agreement, the trial court deferred a finding of guilt and placed Aranda on community supervision for five years. Three years later, the State filed a motion to revoke Aranda's deferred adjudication community supervision, asserting Aranda violated several conditions of his community supervision. Specifically, the State alleged Aranda committed several new offenses — resisting arrest, possession of marijuana, and unlawful carrying of a weapon — and failed to pay certain fees. After the trial court advised Aranda that a plea of true could result in prison time, Aranda pled true to violating the terms of his probation by committing the new offenses. The State recommended Aranda be confined for four years, to which Aranda agreed. However, the trial court sentenced Aranda to ten years' confinement, which was within the statutory range of punishment for the offense of robbery, a second degree felony. *See* TEX. PENAL CODE ANN. §§ 12.33, 29.02(b) (West 2011).

## ANALYSIS

As noted above, Aranda contends the trial court erred in two respects with regard to the revocation. First, Aranda asserts the trial court erred in failing to follow the "plea agreement" between himself and the State with regard to sentencing after his plea of true. Second, he contends the trial court erred by failing to admonish Aranda, at the revocation hearing, as to the full range of punishment.

### *Standard of Review*

A trial court's decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision is reviewed under the same standard as a revocation of regular

community supervision — abuse of discretion. *Cantu v. State*, 339 S.W.3d 688, 691 (Tex. App.—Fort Worth 2011, no pet.); *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); TEX. CODE CRIM. PROC. ANN. art. 42.12, 5(b) (West Supp. 2013). A trial court abuses its discretion if its decision is so arbitrary it is outside the zone of reasonable disagreement or if it acts without reference to guiding rules and principles of law. *Hernandez v. State*, 387 S.W.3d 881, 888 (Tex. App.—San Antonio 2012, no pet.); *Dickson v. State*, 246 S.W.3d 733, 738 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).

### *Application*

In his first issue, Aranda specifically contends "the trial court erred in failing to follow the plea bargain between the State and Appellant." He contends the trial court's error violated his rights under the federal and state constitutions. Aranda apparently believes that the State's punishment recommendation of four years, and his agreement thereto, constituted a plea agreement between the parties.

We begin our analysis by holding that we do not agree with Aranda's contention that the State's punishment recommendation constituted a plea bargain agreement between the parties. As Aranda himself points out in his brief, the "Judgment Adjudicating Guilt" specifically states under the caption "Terms of Plea Bargain," that there was "NO PLEA AGREEMENT." Accordingly, the record belies Aranda's contention that a plea agreement existed.

Rather than a plea agreement, the State simply made a punishment recommendation, to which Aranda agreed. However, even if we were to assume a plea agreement existed, the Texas Court of Criminal Appeals has specifically held that in the context of revocation proceedings: (1) plea bargain agreements are not authorized; (2) the trial court is not required to ask about the existence of a plea agreement or admonish the defendant pursuant to article 26.13 of the Code of Criminal Procedure; and (3) the defendant may not withdraw his plea of true after sentencing.

*Gutierrez v. State*, 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003). In support of its holding in *Gutierrez*, the court noted that the benefits of plea bargains are greatly diminished in the context of revocation proceedings, noting that the principal justification for plea agreements is the conservation of judicial resources. *Id.* at 310. In revocation proceedings, conservation of resources is not an issue given the lack of time and expense attendant to such proceedings. *Id.* In revocation proceedings, the defendant is not entitled to a jury, the issues are less complex, and the burden of proof is lower. *Id.*

The court recognized that recommendations by the State after a revocation do have some merit in that they provide the trial court with an indication of what justice may require given the facts of the case and may persuade the court that a particular sentence is appropriate. *Id.* However, this does not bestow upon the defendant a right to withdraw his plea of true. *Id.*

After a plea of true in a revocation proceeding, a trial court is restricted in the sentence it imposes only by the relevant statutory limits — regardless of any purported plea agreement or recommendation by the State. *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999). Here the ten-year sentence imposed by the trial court is within the applicable punishment range for robbery. *See* TEX. PENAL CODE ANN. §§ 12.33, 29.02(b). Accordingly, we hold the trial court did not abuse its discretion and overrule Aranda's first issue.

We note that Aranda attempts to distinguish *Gutierrez* and *Von Schounmacher*. He argues *Gutierrez* is distinguishable because although the court held that the legislature has not authorized plea agreements in revocation proceedings, the legislature has not forbidden them. We agree the legislature has not expressly rejected the idea of plea agreements at revocation proceedings. However, *Gutierrez* makes it clear that the Texas Court of Criminal Appeals considers the absence of authorization one reason, among several, as a basis for holding that plea agreements are not

binding upon trial courts at revocation proceedings. *See* 108 S.W.3d at 309–10. Thus, we reject Aranda's attempt to distinguish *Gutierrez*.

We also reject Aranda's attempt to distinguish *Von Schounmacher*. Aranda contends that case is distinguishable because "Appellant and the State entered into an agreed sentence of four years' incarceration for his plea of true." We fail to see the distinction.

Aranda contends in his second issue that the trial court erred in failing to admonish him of the full range of punishment at the revocation hearing. Article 26.13(a)(1) provides that before accepting a plea of guilty or nolo contendere, the trial court must admonish the defendant of the range of punishment applicable to the offense for which he is charged. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2013). As noted above, the court specifically held in *Gutierrez* that in the context of revocation proceedings, the trial court is not required to admonish the defendant pursuant to article 26.13 of the Code of Criminal Procedure. 108 S.W.3d at 109–10; *see Lanum v. State*, 952 S.W.2d 36, 39 (Tex. App.—San Antonio 1997, no pet.). Accordingly, we hold the trial court did not err in failing to admonish Aranda as to the full range of punishment. We therefore overrule this issue.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish