

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00171-CR
_____

WESLEY GARZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 5454, Honorable Stuart Messer, Presiding

_____

August 29, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Wesley Garza appeals from the trial court's judgment adjudicating him guilty of the offense of possession of a controlled substance,[1] revoking his deferred adjudication community supervision, and sentencing him to ten years of imprisonment. Appellant challenges the judgment through four issues. We will affirm.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2012).

## Background

Appellant plead guilty in September 2012 to the third degree felony offense of possession of a controlled substance. The court deferred a finding of guilt and placed appellant on community supervision for a period of three years.

Two months later, the State filed a motion to adjudicate appellant's guilt, alleging violations of the terms of his community supervision. In January 2013, appellant's counsel filed a motion requesting an examination of appellant regarding his competency, and advising the court appellant was being treated at a state hospital. In February 2013, the State filed an amended motion to adjudicate, alleging additional failures to report and additional violations of his community supervision terms arising from his drug use and possession.

Philip J. Davis, Ph.D., examined appellant. After his examination but before the court heard the report, appellant filed a motion for a jury trial to determine his competency. Davis was the only witness to testify at a hearing held immediately before the hearing on the motion to adjudicate. Davis's report also is in evidence. He testified to his opinion that, while appellant had a history of mental illness and treatment for such illness, he satisfied the criteria to be considered competent to stand trial. The trial court found appellant competent for the adjudication proceeding.

Appellant plead "not true" to the allegations in the State's motion to adjudicate. He more than once interrupted the hearing on the motion. The hearing nonetheless was completed, and the trial court found appellant violated terms of his community supervision. Punishment was assessed as noted. This appeal followed.

Analysis

Failure to Conduct Formal Competency Hearing

We begin with appellant's last issue by which he contends he was entitled to a jury trial on the issue of competency and his due process rights were violated when he was denied the jury trial he requested. The State argues the trial court did not abuse its discretion in failing to conduct a jury trial as to appellant's competence because the court's informal inquiry did not reveal evidence that rationally could lead to a determination of incompetency. We agree with the State.

The Texas Legislature has adopted the constitutional standard for competency to stand trial in Article 46B.003(a) of the Texas Code of Criminal Procedure.[2] *Turner v. State,* 422 S.W.3d 676, 690 (Tex. Crim. App. 2013). Under our current statutory scheme, any "suggestion" of incompetency to stand trial calls for an "informal inquiry" to determine whether evidence exists to justify a formal competency trial. *Id., citing* TEX. CODE CRIM. PROC. ANN. art. 46B.004(c) (West Supp. 2014) ("On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial").

The trial court here conducted an informal inquiry following the motion by appellant and the examination by the appointed expert. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.021 (authorizing appointment of expert when suggestion of incompetence

---

[2] Tex. Code Crim. Proc. art. 46B.003(a)(1) & (2) (West 2006) ("A person is incompetent to stand trial if the person does not have . . . sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or . . . a rational as well as factual understanding of the proceedings against the person.").

3

exists).  The question, then, is whether, "in light of what became known to the trial court by the conclusion of the informal inquiry, it should have conducted a formal competency trial." *Turner*, 422 S.W.3d at 692. The answer depends on whether "some evidence from any source" had arisen by that time "that would support a finding that [the appellant] may be incompetent to stand trial."  *Id.*  In making this determination, a trial court must consider only that evidence tending to show incompetency, "putting aside all competing indications of competency, to find whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency." *Id.*  If so, then evidence exists to support a finding of incompetency, and the statutory scheme requires the trial court to conduct a formal competency trial.  *Id.*

Searching for evidence supporting a finding of incompetence, we begin with Dr. Davis's report, which reflects a diagnosis of "bipolar disorder with psychotic features," and reflects appellant's report to him of "an extensive history of treatment for mental illness."  Appellant also reported he had been prescribed psychotropic medication for "serious mental illness" and was taking the prescribed medication at the time of the evaluation.  Davis agreed appellant met the criteria to be considered seriously mentally ill and that if he discontinued his medication, "his mental status and behavior will deteriorate significantly."  However, Davis also testified that while "[m]ental illness can affect competency to stand trial, and there are circumstances in which the individual meets the criteria to be considered seriously mentally ill and still meets the criteria to be considered competent to stand trial. They are -- they are not mutually exclusive." *See Turner,* 422 S.W.3d at 691 (the fact a defendant is mentally ill does not by itself mean he is incompetent).  Therefore, Davis continued, if appellant were to discontinue his

medication, "[t]here is a possibility he might not meet the criteria [for competency] . . . ." Davis further stated, "Again, I'd have to evaluate him without the medication, but that level of history of the diagnosis of serious mental illness can certainly bring into question an individual's competency."

Other than his testimony regarding the effect of a discontinuance of his medication, Davis's testimony contains no suggestion appellant was incompetent at the adjudication hearing. Davis expressed the opinion appellant satisfied the criteria for competency to stand trial. Davis testified appellant was aware of the charges against him and had a rational and factual understanding of the proceedings against him. He also opined appellant had the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. Appellant's counsel expressed no contrary opinion at the hearing.

Reacting to Davis's testimony of the potential for incompetency if appellant were to discontinue his medication, the trial court inquired of appellant's counsel whether appellant had been administered his medication. His counsel stated, "I believe Mr. Garza has been administered his medication. I have concerns of whether it's the right amounts, but I believe he has been administered his prescribed medication." Counsel confirmed for the court that the administration of appellant's medication was "not an issue." The court then concluded, "All right. I find that there is not evidence to raise -- there is not evidence to raise a bona fide doubt[3] in my mind regarding the Defendant's

---

[3] Before an amendment to article 46B.004 effective September 1, 2011, the Court of Criminal Appeals held that the "bona fide doubt" standard under a previous statute was the same as a suggestion of incompetency sufficient to trigger an informal inquiry under the current statute. In *Turner*, the court stated the legislative amendment "rejected the bona fide doubt standard for purposes of Article 46B.004."

competency to stand trial based upon the testimony of the expert, Dr. Phillip Davis. I do not find. I have no doubt."

We agree the record does not show any evidence that would support a finding that appellant was incompetent to stand trial at the time the court conducted the informal inquiry into appellant's competency and heard the State's motion to adjudicate. *See Grider v. State,* 69 S.W.3d 681, 685 (Tex. App.—Texarkana 2002, no pet.) (holding evidence that defendant was paranoid schizophrenic, taking medication, hearing voices, and seeing visions was not evidence that defendant lacked ability to consult with lawyer or understand the proceedings); *Rice v. State,* 991 S.W.2d 953, 957 (Tex. App.—Fort Worth 1999, pet. ref'd) (holding that competency test is not whether someone labored under mental, behavioral, or psychological impairment). The case is in the category of those "in which there is some evidence of mental illness but no evidence from which it may reasonably be inferred that the defendant's mental illness renders him incapable of consulting rationally with counsel." *Turner*, 422 S.W.3d at 696.

There is no contention on appeal that the court erred by failing to reconsider appellant's competency because of his disruptive actions during the adjudication hearing. His counsel once requested a continuance during the hearing after appellant apparently inflicted superficial injuries on himself with a razor blade. Denial of that request is not at issue on appeal. Appellant's fourth issue is overruled.

---

*Turner,* 422 S.W.3d at 692. Nonetheless, we read the trial court's conclusion in this case to be that the court had heard no evidence supporting a finding appellant was incompetent to stand trial.

Sufficiency of Evidence Supporting Revocation

In his third issue, appellant challenges the sufficiency of the evidence to support the revocation of his deferred adjudication community supervision. The decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West 2010). We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Cherry v. State,* 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry,* 215 S.W.3d at 919. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona,* 665 S.W.2d at 493; *Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim. App. 1981) (panel op.); *Cherry,* 215 S.W.3d at 919. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona,* 665 S.W.2d at 493-94. Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Cantu v. State,* 339 S.W.3d 688, 691-92 (Tex. App.—Fort Worth 2011, no pet.).

The State submitted violations of three terms of appellant's community supervision at the hearing. On appeal, appellant's issues focus on the violations

surrounding the commission of a new offense and a subsequent positive drug test. However, the court also found appellant violated two additional terms of his community supervision.

Appellant's community supervision officer testified to the two additional violations. She testified appellant performed "poorly" under his community supervision. Specifically, she testified appellant failed to report in January 2013 as required. She also testified appellant failed to submit to a random drug test in November 2012 as required. Either of these grounds would support the trial court's order adjudicating appellant's guilt and revoking his community supervision. *Cantu,* 339 S.W.3d at 691-92. Accordingly, we resolve appellant's third issue against him.

Remaining Issues

Appellant's remaining issues challenge the admission of drug test results. Because we have found the evidence sufficient to support the trial court's judgment on two additional and unrelated grounds, it is unnecessary for us to address appellant's first and second issues. TEX. R. APP. P. 47.1. The judgment of the trial court is affirmed.

James T. Campbell
Justice

Do not publish.