COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| ISRAEL VASQUEZ MATTA, | | No. 08-13-00004-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 143rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Reeves County, Texas |
| | § | |
| Appellee. | | (TC # 08-11-07372-CRR) |
| | § | |

## **O P I N I O N**

Israel Vasquez Matta appeals his conviction of possession of more than four grams but less than 200 grams of cocaine. For the reasons that follow, we affirm.

### **FACTUAL SUMMARY**

On February 20, 2009, Appellant waived his right to a jury trial and entered a negotiated guilty plea. The trial court found the evidence substantiated Appellant's guilt but deferred making an adjudication of guilt and placed him on community supervision for five years. The State later filed a second amended motion to adjudicate alleging multiple violations of the terms and conditions of probation. At the hearing on the motion to adjudicate, Appellant entered a plea of true to the allegations contained in paragraphs 2 and 7 of the second amended motion to adjudicate, but "not true" to the remaining allegations. Paragraph 2 alleged that Appellant violated condition number 2 of the community supervision order, which ordered him to not

commit any new offenses, by committing the offenses of failure to identify on January 18, 2010, driving with an invalid license on February 12, 2010, unauthorized absence from a community corrections facility on May 7, 2010, theft of service on June 18, 2010, failure to identify on August 1, 2011, and failure to identify on October 22, 2011. Paragraph 7 alleged that Appellant violated condition number fourteen by failing to submit to the community supervision officer an affidavit of inability to pay for each month he was on community supervision. At the conclusion of the hearing, the trial court found Appellant had violated conditions 1, 2, 3, 5, 6, 7, and 8 as alleged in the motion to adjudicate. The court adjudicated Appellant's guilt and assessed punishment at imprisonment for twelve years.

## ADJUDICATION OF GUILT

In his sole issue, Appellant contends that the trial court abused its discretion by adjudicating his guilt because the State failed to prove Appellant violated the terms of community supervision as alleged in paragraphs 3, 4, 5, 6, and 8. The State responds that no abuse of discretion is shown because Appellant pled true to paragraphs 2 and 7, and further, the evidence is sufficient to support the trial court's finding of true as to paragraphs 3, 4, 5, 6, and 8.

A trial court's decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision is reviewed under the same standard as a revocation of regular community supervision. *Cantu v. State*, 339 S.W.3d 688, 691 (Tex.App.--Fort Worth 2011, no pet.). We review a trial court's order revoking community supervision for an abuse of discretion in light of the State's burden of proof. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex.Crim.App. 2013); *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). In a

- 2 -

revocation proceeding, the state must prove a violation of a condition of community supervision by a preponderance of the evidence. *See Hacker*, 389 S.W.3d at 864-65; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). In this context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865, *quoting Rickels*, 202 S.W.3d at 764. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex.Crim.App. 1984).

It is undisputed that Appellant pled true to two paragraphs in the second amended motion to adjudicate. It is well established that a single violation of community supervision is sufficient to support revocation of community supervision. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. [Panel Op.] 1980)(stating that one sufficient ground for revocation is enough to support trial court's decision). Appellant's pleas of true to paragraphs 2 and 7 are sufficient to support the trial court decision to revoke community supervision and adjudicate guilt. We overrule Appellant's sole issue and affirm the judgment of the trial court.

December 17, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
(Rivera, J., not participating)

(Do Not Publish)