

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00145-CR
No. 07-18-00302-CR
_____

KELLY GOLEY , APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2018-414,373; Honorable John J. McClendon III, Presiding

August 2, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Kelly Goley, waived a jury and entered a plea of guilty, without a recommendation as to punishment, to two counts of a five-count indictment[1] alleging that

---

[1] Appellant was originally indicted in Cause Number 2016-410,250. On the State's motion, Cause Number 2016-410,250 was subsequently dismissed, and Appellant was re-indicted in Cause Number 2018-414,373.

he sexually assaulted R.L.W., a child who was younger than seventeen years of age.[2] Appellant was sentenced to twenty years confinement for each offense, to run concurrently. In two issues, Appellant asserts the trial court abused its discretion because (1) his sentence violates the mandatory objectives of section 1.02 of the Texas Penal Code and (2) the trial court erroneously admitted his telephone conversations in jail under the business records exception to the hearsay rule. *See* TEX. R. EVID. 802, 803(6). We affirm.

### BACKGROUND

In February 2018, a five-count indictment issued alleging that on or about April 13, 2014, Appellant intentionally or knowingly caused (1) R.L.W.'s sexual organ to contact his mouth, (2) R.L.W.'s sexual organ to contact his sexual organ, (3) R.L.W.'s mouth to contact his sexual organ; and (4) on or about December 28, 2012, Appellant intentionally or knowingly caused R.L.W.'s sexual organ to contact his sexual organ; and also (5) on or about April 13, 2014, Appellant, with the intent to arouse or gratify his sexual desires, intentionally or knowingly engaged in sexual conduct with R.L.W. by touching her sexual organ with his hand. R.L.W. was the younger sister of Sarah Little, who was Appellant's girlfriend at the time of the assaults.[3]

By agreement of the parties, Appellant entered a plea of guilty to counts two and four, in exchange for an agreement to not further prosecute counts one, three, and five. Appellant testified that he understood that the range of punishment for each count was two to twenty years confinement and a fine of up to $10,000 and that he was competent

---

[2] *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (West 2019). An offense under this section is a second degree felony. *Id.* at § 22.011(f).

[3] By the time of trial, Sarah Little and Appellant were married.

and pleading freely. The State announced that it would be abandoning counts one, three, and five and it subsequently secured their dismissal from the trial court.

In March, the trial court held a punishment hearing. The State's evidence established that Appellant sexually assaulted R.L.W. in 2012 and 2014. The custodian of the records for IC Solutions at the Lubbock County Jail authenticated recorded calls made by Appellant while he was incarcerated. Prior to playing the recordings, Appellant objected that his conversations were hearsay because they were business records made for the purpose of future litigation. The trial court overruled that objection.

The State also offered extraneous offense evidence that Appellant had sexually abused his daughter, A.G., while she was a minor. A.G.'s testimony was corroborated by her mother.

Appellant called three witnesses. Sarah testified that Appellant had bonded well with their three-year old son and was a good father. She also testified that "fences" had been "mended" after the assaults and their relationship was great. One of Appellant's best friends, testified that Appellant and Sarah had a loving relationship and he had great parenting skills. However, on cross-examination, she indicated that the relationship between R.L.W. and Appellant prior to his arrest appeared kind of "weird" because of the amount of time they spent together and R.L.W. was extremely jealous of Sarah. Another friend testified that she could not recall A.G. spending the night at her trailer—the site where A.G. testified that Appellant had sexually assaulted her.

At the conclusion of the hearing, the trial court found Appellant guilty of counts two and four of the indictment. Although the State requested that the sentences be stacked,

the trial court sentenced Appellant to twenty years confinement on each count, with the two sentences to be served concurrently.

### ISSUE ONE—PUNISHMENT

Appellant contends the trial court abused its discretion when it sentenced him to a maximum sentence on each count because the sentences violated several primary objectives of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 1.02 (West 2011). Appellant concedes in his brief, however, that his sentences are within the statutory range of punishment.[4]

Appellant does not cite to any statute or case law permitting any direct action under section 1.02 of the Texas Penal Code related to sentencing or punishment. Accordingly, we interpret Appellant's issue as contending that this sentence violated the state constitutional prohibition against cruel and unusual punishment. *See* TEX. CONST. art. I, § 13.

In order to preserve for appellate review a complaint that a sentence is grossly disproportionate thereby constituting cruel and unusual punishment, a defendant must pre0sent to the trial court a timely request, objection, or motion stating the specific grounds for the ruling requested.[5] *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding failure to make specific objection at trial waives Eighth Amendment claim

---

[4] *See* TEX. PENAL CODE ANN. §§ 22.011(f), 12.33(a) (West 2019).

[5] *See* TEX. R. APP. P. 33.1(a). The complaining party must object at the earliest possible opportunity and obtain an adverse ruling; *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002), and, on appeal, the arguments must comport with the objection at trial, or the error is waived. *Id.* (quoting *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)). Even constitutional errors may be waived by a failure to object at trial. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). Although appellate courts may take notice of fundamental error affecting rights so fundamental to the judicial process that they are granted special protection and cannot be waived by inaction alone; *Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000), a cruel and unusual complaint does not constitute fundamental error. *Trevino v. State*, 174 S.W.3d 925, 927-28 (Tex. App.—Corpus Christi 2005, pet. ref'd).

of cruel and unusual punishment). *Accord Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). Because Appellant failed to make any objection regarding his punishment during the punishment proceeding or in a motion for new trial, he failed to preserve any error. *See Ladd v. State*, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex. App.—Amarillo 1996, pet. ref'd). Accordingly, Appellant's first issue is overruled.

## SECOND ISSUE—HEARSAY

Appellant next contends that the trial court erroneously permitted the admission of his statements made during telephone conversations that were recorded by the sheriff's department while he was incarcerated at the Lubbock County Jail because they were hearsay and inadmissible under the business records exception. *See* TEX. R. EVID. 802, 803(6). Appellant does not assert he was denied any right to confront witnesses against him or that the recorded calls were neither authenticated nor credible.

We review a trial court's evidentiary rulings for an abuse of discretion. *Rhomer v. State,* 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). The trial court abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably. *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991)). The trial court does not abuse its discretion if the decision to admit or exclude the evidence is within the zone of reasonable disagreement. *See Rhomer*, 569 S.W.3d at 677. If the trial court's evidentiary decision is supported by the record and there is any theory of law that would support the ruling, it is not an abuse of discretion. *See Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002).

Appellant's statements during the telephone conversations constitute admissions by a party-opponent and, as such, are not hearsay. *See* TEX. R. EVID. 801(e)(2)(A); *Cantu v. State*, 339 S.W.3d 688, 691 (Tex. App.—Fort Worth 2011, no pet.) (as an admission of a party-opponent, defendant's out-of-court statement was not hearsay and did not fall within class of evidence prohibited by Confrontation Clause). *See also Trevino*, 991 S.W.2d at 853 (a criminal defendant's own statements, when being offered against him, are not hearsay). Accordingly, the trial court did not abuse its discretion by admitting the recorded telephone conversations made while Appellant was in jail. Appellant's second issue is overruled.

### CONCLUSION

The trial court's judgments are affirmed.

Patrick A. Pirtle
Justice

Do not publish.